# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANNEN SOOJIAN,<br><br>    Petitioner,<br><br>    v.<br><br>JOE A. LIZARRAGA,<br><br>    Respondent. | Case No. 1:16-cv-00254-SAB-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has requested the appointment of counsel. (ECF No. 3).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because this case involves complex factual and legal issues, he lacks specialized legal education, and he is indigent and cannot

1

investigate crucial facts. Upon review of the petition and the instant request for appointment of counsel, the Court finds that Petitioner has a comprehensive grasp of his claims for habeas relief and the legal issues involved, and that he is able to articulate those claims effectively. Further, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

      Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **February 25, 2016**   _____
                                                    UNITED STATES MAGISTRATE JUDGE