# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANNEN SOOJIAN,<br><br>    Petitioner,<br><br>    v.<br><br>JOE A. LIZARRAGA,<br><br>    Respondent. | Case No. 1:16-cv-00254-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO STAY<br><br>(ECF No. 36) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner challenges his 2012 convictions sustained in the Fresno County Superior Court for two counts of kidnapping to commit robbery, second-degree murder, and assault with a firearm. (ECF No. 1 at 2).[1] Petitioner was sentenced to two consecutive indeterminate terms of life with the possibility of parole for the kidnapping counts, plus consecutive terms of twenty-five years to life and ten years for enhancements on these counts. People v. Soojian, No. F066280, 2014 WL 7340275, at *1 (Cal. Ct. App. Dec. 19, 2014).

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On direct appeal to the California Court of Appeal, Fifth Appellate District, Petitioner raised the following claims: (1) jurors improperly discussed and considered Petitioner's prior conviction during deliberations; (2) jurors improperly discussed and considered Petitioner's failure to testify; (3) <u>Miranda</u> error; (4) evidence of third-party misconduct was improperly used against Petitioner; and (5) admission of tainted eyewitness identification evidence violated due process. (LD[2] 37). On December 19, 2014, the California Court of Appeal affirmed the judgment. <u>Soojian</u>, 2014 WL 7340275, at *28. Petitioner raised the same five claims in his petition for review to the California Supreme Court. (LD 41). On March 11, 2015, the California Supreme Court denied the petition for review. (LD 42).

On February 22, 2016, Petitioner filed a federal petition for writ of habeas corpus in this Court. (ECF No. 1). Therein, Petitioner lists the following claims for relief: (1) jurors improperly considering evidence not presented during trial; (2) denial of right to trial by impartial jury; (3) jurors improperly discussed and considered Petitioner's failure to testify; (4) <u>Miranda</u> error; (5) erroneous admission of third-party misconduct evidence; (6) prosecutorial misconduct by improperly using evidence of third-party misconduct to support an inference of guilt by association; (7) denial of Petitioner's right to presumption of innocence by various and cumulative prosecutorial errors; (8) admission of tainted eyewitness identification evidence, in violation of due process; and (9) cumulative errors. (ECF No. 1 at 3–4). On May 19, 2016, Respondent filed an answer. (ECF No. 20). On January 3, 2017, Petitioner filed the instant motion to stay the petition pending exhaustion of two claims. (ECF No. 36). Respondent filed an opposition, and Petitioner filed a reply (ECF No. 37, 38).

## II.

## DISCUSSION

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's

---

[2] "LD" refers to the documents lodged by Respondent on May 20, 2016. (ECF No. 21).

alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1).

### B. Rhines Stay

Petitioner contends that he raises two claims that are unexhausted, and therefore requests the Court to hold the petition in abeyance pending resolution of the unexhausted claims in state court pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, "stay and abeyance" is available only in "limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. Given "that a motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims," the undersigned shall submit findings and recommendation rather than rule on the motion. Mitchell v. Valenzuela, 791 F.3d 1166, 1171, 1173–74 (9th Cir. 2015).

In the motion to stay, Petitioner asserts that he has not exhausted claims 7 and 9 in his petition. (ECF No. 36 at 3). Petitioner briefly lists nine claims in section VI of the petition. (ECF No. 1 at 3–4). However, the memorandum of points and authorities only discusses five claims and does not provide any factual or legal support regarding claims 7 and 9.[3] (ECF No. 1-1 at 2). Respondent states that to the extent these claims have been raised in the federal petition, Respondent agrees that they are unexhausted. (ECF No. 37 at 2–3). With respect to claim 7, Petitioner asserts in the petition that he "was denied his right to presumption of innocence by various and cumulative prosecutorial errors, resulting in a seemingly shifted burden onto Petitioner to prove actual innocence." (ECF No. 1 at 4). Claim 9 is a cumulative error claim.

---

[3] The Court notes that in the motion for stay, Petitioner discusses claims 7 and 9 in more detail. (ECF No. 36 at 13–18).

(Id.). Petitioner argues that there is "good cause" for his failure to exhaust due to (1) Petitioner's lack of legal training, (2) Petitioner's belief that all potential claims had been raised in state proceedings, and (3) appellate counsel's ineffective assistance of counsel. (ECF No. 36 at 6–7).

Petitioner's lack of legal training does not constitute good cause because he was represented by counsel on direct appeal and did not file any state post-conviction collateral petitions. Additionally, Petitioner's belief that all potential claims had been raised in state proceedings does not constitute good cause. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (holding that a petitioner's "'impression' that his counsel had exhausted an unexhausted claim does not constitute 'good cause' for failure to exhaust that claim").

1. Ineffective Assistance of Counsel as "Good Cause"

In Blake v. Baker, the Ninth Circuit held that ineffective assistance of post-conviction counsel can constitute good cause for a Rhines stay. 745 F.3d 977, 983 (9th Cir. 2014). The petitioner in Blake asserted that he failed to exhaust his ineffective assistance of trial counsel claim because his state post-conviction counsel was ineffective and failed to investigate and retain experts to discover facts underlying his unexhausted ineffective assistance of trial counsel claim. Id. at 982–83. A showing that post-conviction counsel was ineffective under the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984), establishes good cause for failure to exhaust. Blake, 745 F.3d at 983.

Here, Petitioner asserts that appellate counsel was ineffective for "fail[ing] to obtain, review and analyze the complete trial court record" in order to determine which issues to raise on appeal. (ECF No. 36 at 13). Specifically, Petitioner contends that appellate counsel failed to: (1) analyze a pretrial motion regarding access to sealed exhibits and an investigative report regarding mishandled evidence and raise viable due process claims based on erroneous admission of evidence; (2) raise an arguable issue of prosecution error; and (3) raise sentencing issues. (ECF No. 36 at 10–13).

2. Failure to Analyze Complete Record and Raise Viable Due Process Claims

The pretrial motion that Petitioner alleges appellate counsel failed to analyze concerned defense counsel's request to access and review all the evidence in the possession of the Fresno

County Superior Court's Exhibit Clerk.[4] (ECF No. 36 at 73–91). There was also an investigative report regarding exhibits in the custody of the superior court that went missing after the first trial. (Id. at 109–18). The report also included information regarding the possible contamination of Petitioner's pants and sandals. (ECF No. 36 at 117–18). Petitioner appears to assert that appellate counsel was unaware that evidence was contaminated and thus erroneously admitted, that such admission shifted the burden of proof to Petitioner, and that the forensic evidence was important in the California Court of Appeal's determination affirming his conviction. (ECF No. 38 at 7–8).

Even assuming that Petitioner has demonstrated appellate counsel was ineffective in failing to review the pretrial motion and investigative report and failing to raise the issue of erroneous admission on appeal, Petitioner does not establish the connection between appellate counsel's allegedly deficient performance and the failure to exhaust claims 7 and 9. In claim 7, Petitioner alleges that he was denied the right to presumption of innocence by various and cumulative prosecutorial errors. (ECF No. 1 at 4). The alleged erroneous admission of possibly contaminated evidence was a trial error rather than prosecutorial misconduct or error. With respect to claim 9, appellate counsel's failure to discover facts underlying the alleged erroneous admission does not implicate Petitioner's cumulative error claim because Petitioner has not raised the admission of the contaminated evidence as an underlying claim in the petition. In sum, Petitioner does not explain how appellate counsel's failure to discover facts underlying the alleged erroneous admission of possibly contaminated evidence relates to the claims he now seeks to exhaust.

    3. <u>Failure to Raise Prosecutorial Misconduct</u>

Petitioner also asserts that appellate counsel was ineffective for failing to raise an instance of prosecutorial misconduct in which the prosecutor impugned defense counsel's integrity by falsely accusing the defense of planting evidence and hoodwinking the Court of Appeal in the prosecution's trial brief and an evidentiary motion. (ECF No. 36 at 13). Appellate

---

[4] New evidence was discovered after the conclusion of Petitioner's first trial. The California Court of Appeal reversed the judgment and ordered a new trial. Soojian, 2014 WL 7340275, at *1. It appears the evidence from Petitioner's first trial was in the custody of the Fresno County Superior Court during the appeal and while the parties prepared for the second trial.

counsel does not have a constitutional obligation to raise every nonfrivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1983). Rather, the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones, 463 U.S. at 751–52). The Supreme Court "has recognized that prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process.'" Greer v. Miller, 483 U.S. 756, 765 (1987) (alteration in original) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). "To constitute a due process violation, the prosecutorial misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" Greer, 483 U.S. at 765 (quoting United States v. Bagley, 473 U.S. 667, 676 (1985)). The California Supreme Court has held:

> Prosecutorial misconduct that falls short of rendering the trial fundamentally unfair may still constitute misconduct under state law if it involves the use of deceptive or reprehensible methods to persuade the trial court or the jury. Misconduct that does not constitute a federal constitutional violation warrants reversal only if it is reasonably probable the trial outcome was affected.

People v. Shazier, 60 Cal.4th 109, 127 (Cal. 2014).

Petitioner asserts that the prosecutor unfairly denigrated the defense and defense counsel in written submissions to the trial court. However, these statements were not made in front of the jury, and there is no indication that these written statements were given to the jury. Although the statements may be considered inappropriate, they did not "so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process," Donnelly, 416 U.S. at 643, and it is not "reasonably probable the trial outcome was affected," Shazier, 60 Cal.4th at 127. Given the weak prospects of success, appellate counsel was not ineffective under Strickland for failing to raise this claim on appeal. Thus, appellate counsel's failure to raise the prosecutor's disparaging statements regarding the defense in written submissions to the trial court does not establish good cause for failure to exhaust.

    4. <u>Failure to Raise Sentencing Issue</u>

Petitioner also asserts that appellate counsel was ineffective for failing to argue that the

law provides for Petitioner's sentences to run concurrently rather than consecutively. (ECF No. 36 at 13). Even if appellate counsel was ineffective for failing to raise this sentencing issue on appeal, Petitioner does not establish the connection between appellate counsel's allegedly deficient performance and the failure to exhaust claims 7 and 9. Petitioner does not allege that the sentencing error is related to any prosecutorial misconduct or error, and the sentencing error does not implicate Petitioner's cumulative error claim because Petitioner has not raised the sentencing error as an underlying claim in the petition. In other words, Petitioner does not explain how appellate counsel's failure to raise the alleged sentencing error on appeal relates to the claims he now seeks to exhaust.

Based on the foregoing, the Court finds that none of the grounds Petitioner has raised regarding ineffective assistance of appellate counsel establish good cause under Rhines for the failure to exhaust claims 7 and 9.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a Rhines stay (ECF No. 36) be DENIED; and
2. Petitioner be allowed to proceed with the exhausted claims in his petition. See Rhines, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

This Findings an Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 20, 2017**

UNITED STATES MAGISTRATE JUDGE